IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JARED M. SMITH,` #K-58441, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 18-cv-01503-NJR ) |
| JOHN BALDWIN, DAVID WHITE, KESS ROBERSON, MATTHEW SWALLS, TRENT WENTWORTH, NANCY B. COURTWRIGHT, ILLINOIS DEPT. OF CORRECTIONS, STATE OF ILLINOIS, and BRUCE RAUNER, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Jared M. Smith, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Vienna Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for false imprisonment and untreated back pain against officials at Vienna Correctional Center ("Vienna"), Lincoln Correctional Center ("Lincoln"), and the IDOC. (Doc. 1). In the Complaint, Plaintiff claims that the defendants have falsely imprisoned him at Shawnee and Vienna Correctional Centers since 2015. (Doc. 1, pp. 7-10). Along with the Complaint, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* ("IFP Motion"). (Doc. 3). Before screening the Complaint under 28 U.S.C. § 1915A, the Court must first address Plaintiff's eligibility for IFP status in this case. 28 U.S.C. § 1914(a). Because Plaintiff is unable to satisfy 28 U.S.C. § 1915(g), the IFP Motion must be denied.

## IFP Motion

Plaintiff seeks the Court's permission to proceed without prepaying the full $400.00[1] filing fee for this action. 28 U.S.C. § 1914(a). Under 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Plaintiff's IFP Motion does not satisfy these formal requirements. (Doc. 2, pp. 1-2). Although Plaintiff used a standard IFP Motion form to prepare his application to proceed IFP, he did not answer any questions on the form. *Id*. Plaintiff instead placed a large "X" through both pages. *Id*. He also failed to file a certified copy of his trust fund statement for the relevant time period. *Id*. The IFP Motion is subject to denial on both of these grounds.

Moreover, Plaintiff is barred from proceeding IFP under 28 U.S.C. § 1915(g). Section 1915(g) prohibits a prisoner from bringing a civil action or appealing a civil judgment IFP, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

---

[1] Effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. *See* Judicial Conference Schedule of Fees—District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. However, a litigant who is granted IFP status is exempt from paying the additional $50.00 fee.

unless the prisoner is under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). Plaintiff "struck out" under § 1915(g) before filing this action and is therefore subject to the three-strikes bar. (Doc. 1, p. 5).

The Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) reveals that Plaintiff filed at least three prior civil actions that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994) (courts can take judicial notice of public records which include court records). These lawsuits include: *Smith v. Roberson*, No. 17-cv-03092 (C.D. Ill. dismissed Sept. 21, 2017); *Smith v. Lieutenant Walsh*, No. 17-cv-03105 (C.D. Ill. dismissed Sept. 21, 2017); and *Smith v. City of Danville*, No. 17-cv-02323 (C.D. Ill. dismissed Jan. 5, 2018). Each of these dismissals counts as a "strike" under § 1915(g). *Id.*

Because Plaintiff has "struck out" under § 1915(g), he cannot proceed IFP unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). "[I]mminent danger" within the meaning of § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Ciarpaglini*, 352 F.3d at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id.* at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

Plaintiff points to back pain as the reason he now faces imminent danger of serious physical injury. Plaintiff identifies Nurse Kluge and an unknown nurse in connection with the recent denial of his request for pain medication, but the nurses are not parties to this action. In fact, he failed to name any of his medical providers as defendants.

The Complaint focuses instead on Plaintiff's claim of false imprisonment, arising from his challenge to an extended sentence. (Doc. 1, pp. 6-10). After serving more than two years of the 12-year sentence for his crime of conviction, Plaintiff was allegedly served with a "bogus" mittimus indicating that his sentence was actually 27 years. *Id*. News of the extended sentence caused damage to Plaintiff's "psychy" (sic) and his back. *Id*. He was treated with pain medication, and he suspects that the medication caused kidney damage that resulted in additional pain. *Id*.

The Court finds no plausible connection between the false imprisonment claim against the defendants and the medical needs claim against the non-parties offered in support of Plaintiff's imminent danger argument. Under the circumstances, Plaintiff cannot overcome the three-strikes bar imposed under 28 U.S.C. § 1915(g).

## Disposition

For the reasons set forth above, Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 3) is **DENIED**. *See* 28 U.S.C. § 1915(g).

**IT IS ORDERED** that Plaintiff shall pay the full filing fee of $400.00 for this action on or before **September 18, 2018**. If Plaintiff fails to comply with this Order in the time allotted by the Court, this action will be dismissed for failure to comply with a court order and/or for failure to prosecute. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).

The Court will not screen the Complaint pursuant to 28 U.S.C. § 1915A or rule on the Motion to Request Counsel (Doc. 5) until Plaintiff complies with this Order.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents, and may result in a dismissal of this action for want of prosecution.

**IT IS SO ORDERED.**

DATED: August 21, 2018

*[signature]*

**NANCY J. ROSENSTENGEL**
**United States District Judge**