IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JARED M. SMITH, #K-58441, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 18-cv-01503-NJR ) |
| JOHN BALDWIN, DAVID WHITE, KESS ROBERSON, MATTHEW SWALLS, TRENT WENTWORTH, NANCY B. COURTWRIGHT, ILLINOIS DEPT. OF CORRECTIONS, STATE OF ILLINOIS, and BRUCE RAUNER, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Jared Smith filed this civil rights action pursuant to 42 U.S.C. § 1983 for false imprisonment and untreated back pain against officials at Vienna Correctional Center, Lincoln Correctional Center, and the Illinois Department of Corrections. (Doc. 1). Along with the Complaint, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* ("IFP"). (Doc. 3). He did not satisfy the requirements for proceeding IFP, however, because his IFP application was incomplete. 28 U.S.C. § 1915. In addition, Plaintiff "struck out" by filing three or more civil actions that were dismissed as being frivolous or for failure to state a claim before filing this action, and the Complaint did not demonstrate that he faced imminent danger of serious physical injury. *Id*. He was thus barred by 28 U.S.C. § 1915(g) from proceeding IFP.

1

This Court denied Plaintiff's IFP application on August 21, 2018. (Doc. 8). He was ordered to pay the $400.00 filing fee for this action on or before September 18, 2018. (Doc. 8, p. 4). The Court warned Plaintiff that failure to make full payment by the deadline would result in dismissal of the action for failure to comply with a court order and/or failure to prosecute his claims. *Id.* (citing FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994)).

To date, Plaintiff has not paid any portion of the filing fee for this action. Instead, he filed a Motion to Withdraw Lawsuit on September 4, 2018. (Doc. 10). In the Motion, Plaintiff indicated that he no longer wishes to pursue his claims. *Id*. Voluntary dismissal of the Complaint is Plaintiff's right. *See* FED. R. CIV. P. 41(a)(1)(A)(i).

Unfortunately, however, Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, and a filing fee of $400.00 remains due and payable whether or not the action is voluntarily dismissed. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). But in light of Plaintiff's timely request to voluntarily dismiss the case before the Complaint was screened pursuant to 28 U.S.C. § 1915A, the Court will not assess an additional filing fee if Plaintiff files another civil rights action in this District in the future. In order to bring a new action without incurring an additional filing fee, however, Plaintiff will be required to file a copy of this Order with his complaint in the new case.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Withdraw Lawsuit (Doc. 10) is **GRANTED**, and this action is **DISMISSED without prejudice**. *See* FED. R. CIV. P. 41(a)(1)(A)(i). This dismissal shall *not* count as one of Plaintiff's allotted "strikes" under 28 U.S.C. § 1915(g).

**IT IS ORDERED** that Plaintiff's Motion to Request Counsel (Doc. 5) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's obligation to pay the filing fee for this action survives dismissal of this case. The filing fee for the next action that Plaintiff files pursuant to 42 U.S.C. § 1983 in the Southern District of Illinois shall be **WAIVED**, however, on condition that Plaintiff also files a copy of this Order with the complaint.

The Clerk's Office is **DIRECTED** to close this case and enter a judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** September 13, 2018

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**